■ BERNARD W. QUIGLEY et al., Respondents, v CHRISTOPHER SIKORA, Appellant. [704 NYS2d 413] —Order unanimously re-

versed on the law without costs, motion denied in part, verdict on liability reinstated and new trial granted on damages only. Memorandum: Defendant appeals from an order granting plaintiffs' motion and setting aside a jury verdict apportioning liability and awarding damages and ordering a new trial unless defendant stipulated to settle the personal injury claim of Bernard W. Quigley (plaintiff) for $65,000 and the derivative claim of his wife for $20,000. We reverse.

Plaintiff was struck by an automobile driven by defendant when plaintiff attempted to cross a four-lane road before it was clear of traffic. The accident occurred at night, and plaintiff was wearing dark clothing. He was standing in the middle of the road when he was struck by defendant, who had just moved into the center lane. The jury apportioned liability 75% to plaintiff and 25% to defendant.

Plaintiff suffered fractures of a toe, cuboid and one or two metatarsals. He was unable to place any weight on his ankle for five months, missed work for 11 months, underwent unsuccessful surgery, developed an ulcer on his calf and developed a full body rash in reaction to the Betadine used to treat the ulcer. Plaintiff was prescribed pain medication and received an injection of lidocaine. The jury awarded plaintiff $30,000 in lost earnings and $7,000 for past pain and suffering, but failed to award anything for future damages or for the derivative cause of action.

A verdict should not be set aside as contrary to the weight of the evidence unless it could not have been reached under any fair interpretation of the evidence (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 498-499; *see also, Kash v Kroeger*, 222 AD2d 1101). The jury's determination of liability was not "palpably irrational" and should not have been set aside (*Dannick v County of Onondaga*, 191 AD2d 963, 964).

The damages awarded by the jury must be set aside. We conclude that the jury's award of $7,000 for past pain and suffering deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *see also, Johnston v Joyce*, 192 AD2d 1124, 1125).

The parties stipulated that lost earnings totaled $37,373.17. There is no fair interpretation of the evidence to support an award for lost earnings of $30,000. Further, the failure to award future damages is against the weight of the evidence because there was uncontroverted testimony that plaintiff would continue to have discomfort and numbness from the injuries. Further surgery is required to repair the injured toe; the surgery will require plaintiff to miss two months of work.

The jury's failure to award damages on the derivative cause of action is also against the weight of the evidence. The uncontroverted testimony establishes that plaintiff's wife had to perform all household chores, missed days of work in order to care for plaintiff, and had to treat plaintiff's wounds at home. That testimony supports an award for loss of services (*see, O'Rourk v Berner*, 249 AD2d 975, 975-976).

We decline to adopt the figures used by the court because they are unexplained, and we are unable to determine what damages they represent and whether they are before or after apportionment.

We reverse the order, deny the motion in part, reinstate the verdict apportioning liability and grant a new trial on damages only (*see, e.g., Crawford v Marcello*, 247 AD2d 907). (Appeal from Order of Supreme Court, Erie County, O'Donnell, J.—Set Aside Verdict.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.