■ Rogers Hicks et al., Appellants, v City of Buffalo et al., Respondents. [745 NYS2d 349] —Appeal from a judgment of Supreme Court, Erie County (Michalek, J.), entered August 29, 2000, upon a jury verdict in favor of defendants.

It is hereby ordered that the judgment so appealed from and the order granted August 23, 2000 be and the same hereby are unanimously modified on the law by granting in part the post-

trial motion of plaintiff Rogers Hicks and setting aside the verdict with respect to the cause of action for malicious prosecution based upon the second prosecution of plaintiff Rogers Hicks and as modified the judgment is affirmed without costs and a new trial is granted on the cause of action for malicious prosecution based upon the second prosecution of plaintiff Rogers Hicks only.

Memorandum: Supreme Court erred in denying that part of the posttrial motion of Rogers Hicks (plaintiff) seeking to set aside the verdict with respect to the cause of action for malicious prosecution based upon the second prosecution of plaintiff (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746). Plaintiff and his mother commenced this action seeking damages for his allegedly illegal stop, detention, arrest, and two prosecutions for traffic violations, and for the impounding of the vehicle operated by plaintiff and owned by his mother. In the amended complaint, plaintiffs asserted causes of action for malicious prosecution, false arrest, conversion, negligence and deprivation of civil rights in violation of 42 USC §§ 1981, 1983, 1985 and 1986. Plaintiffs moved for summary judgment and defendants cross-moved for summary judgment dismissing the amended complaint. Upon stipulation of the parties, the court dismissed as time barred all of the New York State tort causes of action with the exception of that part of the cause of action for malicious prosecution based upon the second prosecution of plaintiff. In addition, the court granted in part the cross motion of defendants for summary judgment, dismissing all of the federal causes of action with the exception of that part of the fourth joint cause of action alleging conspiracy under 42 USC § 1985. While plaintiffs' appeal and defendants' cross appeal from that order were pending in this Court, trial proceeded on the cause of action for malicious prosecution and that part of the fourth joint cause of action in which plaintiff alleged conspiracy under 42 USC § 1985. By the time of trial, plaintiff's mother had discontinued her action against defendants.

According to the testimony at trial, in 1993 defendants Sam Marie and John Alessandra, two police officers for defendant City of Buffalo (City), were on routine patrol in a residential neighborhood in the City. Defendant officers each testified that they saw plaintiff in the driver's seat of a vehicle with the engine running that was parked in the driveway of a residence on Pershing Street. They each testified that the vehicle did not have a registration sticker affixed to the windshield. Plaintiff sharply disputed that testimony. He presented several witnesses who testified that plaintiff and the eight-year-old son of

a friend were standing in the driveway when defendant officers approached. Plaintiff testified that one of the officers greeted him by saying, "hey, black boy, where's the drugs," and that plaintiff and the child thereafter entered the vehicle in question. Defendant officers denied making that statement.

It is undisputed that defendant officers exited their patrol car and that Officer Marie asked plaintiff to produce his driver's license, his insurance card and his registration card. Plaintiff testified that he produced those items. The testimony of Officer Marie was equivocal concerning whether and at what point those items were produced. He first testified that plaintiff produced his driver's license at Pershing Street. On cross-examination, however, Officer Marie acknowledged that at his deposition he had testified that plaintiff had failed to produce any of the three items there, and that what was in question was the absence of the registration sticker on the windshield, not a failure to register the vehicle. He subsequently testified at trial that the driver's license and insurance card were produced at the precinct, although he could not recall ever seeing the registration sticker. Plaintiff introduced in evidence at trial, however, a supporting deposition, executed by Officer Marie in connection with the City Court of Buffalo (City Court) information on the first prosecution, in which he stated that "driver was able to produce registration card and sticker from glove box at [precinct] 6."

Plaintiff further testified that defendant officers searched the vehicle while it was in the driveway, although defendant officers testified that they did not do so. Defendant officers testified that they had no traffic tickets with them and therefore asked plaintiff to follow them in his vehicle to the precinct. Plaintiff did so without incident because, at the time, plaintiff was on parole and feared that the failure to do so would lead to further trouble and result in his return to prison. Plaintiff was detained at the precinct for a period of up to two hours while Officer Marie checked on the registration and also allegedly performed a safety check of the vehicle. Officer Marie testified that, when he put the vehicle in gear and placed his foot on the brake, the pedal went all the way to the floor. That was the only evidence at trial concerning the alleged inadequacy in the brakes. In addition, Officer Marie testified that he noticed that one of the tires was bald. The vehicle was impounded but was released to plaintiff approximately one month later with no indication that any repairs were required.

Plaintiff introduced evidence that he was given three traffic tickets, one for the misdemeanor of inadequate brakes (Vehicle

and Traffic Law § 375 [1], [32]), and one each for the traffic infractions of failure to affix a registration sticker to the windshield of the vehicle (§ 403 [1]; § 1800 [a]), and an "unsafe tire" (§ 375 [35] [c]; § 1800 [a]). Although Vehicle and Traffic Law § 225 (1) provides that traffic infractions that are committed in cities of a certain population, such as Buffalo, may be heard and determined through the Traffic Violations Bureau (see § 155; 15 NYCRR 121.1 et seq.), "[w]henever a crime and a traffic infraction arise out of the same transaction or occurrence, a charge alleging both offenses may be made returnable before the court having jurisdiction over the crime" (Vehicle and Traffic Law § 225 [1]). Here, because plaintiff was charged with a misdemeanor, he was issued a summons to appear in City Court. Plaintiff appeared with his retained attorney three times, but each time defendant officers failed to appear and the matter was continued. After plaintiff's fourth appearance, the charges were dismissed. Plaintiff filed complaints with the City Police Department and the civil rights division of the Federal Bureau of Investigation (FBI) concerning defendant officers' treatment of him, and thereafter the charges were refiled. Plaintiff appeared in City Court with his attorney four more times and, each time, defendant officers failed to appear. On plaintiff's fourth appearance on the second prosecution, plaintiff's eighth appearance in City Court on the matter, the charges were again dismissed.

According to its answers to interrogatories on the verdict sheet, the jury determined that the City could be held liable under the doctrine of respondeat superior for the conduct of defendant officers, but that plaintiff failed to prove by a preponderance of the evidence that defendant officers "lacked probable cause to prosecute [p]laintiff." The jury did not reach the issue of malice. The jury thus found in favor of defendants with respect to both causes of action. The court denied plaintiff's posttrial motion for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict as against the weight of the evidence and for a new trial. The court should have granted that part of plaintiff's motion seeking to set aside the verdict as against the weight of the evidence with respect to the cause of action for malicious prosecution based upon the second prosecution of plaintiff and granted a new trial on that cause of action.

"The tort of malicious prosecution protects the personal interest of freedom from unjustifiable litigation" (Broughton v State of New York, 37 NY2d 451, 457, cert denied sub nom. Schanbarger v Kellogg, 423 US 929). To establish liability under such

a cause of action, a plaintiff must establish by a preponderance of the evidence "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*id.*; *see Oakley v City of Rochester*, 71 AD2d 15, 18, *affd* 51 NY2d 908). Probable cause in this context "consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty" (*Colon v City of New York*, 60 NY2d 78, 82, *rearg denied* 61 NY2d 670). A jury may "infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding," that is, that probable cause is "so totally lacking as to reasonably permit an inference that the proceeding was maliciously instituted" (*Martin v City of Albany*, 42 NY2d 13, 17).

It is undisputed that a criminal action was commenced against plaintiff on the same three charges a second time, after having been dismissed, and that the second action terminated in his favor (*see Broughton*, 37 NY2d at 457). Because the jury did not reach the issue of malice, the sole issue before us on this appeal is whether the jury's finding that plaintiff failed to prove by a preponderance of the evidence that there was no probable cause to prosecute plaintiff is supported by a fair interpretation of the evidence (*see Cardin v Christie*, 283 AD2d 978, 978-979; *Dannick v County of Onondaga*, 191 AD2d 963, 964). We conclude that it is not and that plaintiff therefore is entitled to a new trial on the cause of action for malicious prosecution based upon the second prosecution of plaintiff.

Even assuming, arguendo, that defendant officers had probable cause to charge plaintiff with the traffic infractions of failing to affix a registration sticker to the windshield of the vehicle (*see* Vehicle and Traffic Law §§ 155, 403 [1]) and having an unsafe tire (§§ 155, 375 [35] [c]), those traffic infractions are not crimes (§ 155) and plaintiff could have pleaded guilty through the mail or defended against those infractions in the Traffic Violations Bureau (*see generally* § 225 [1]; General Municipal Law § 370 *et seq.*; 15 NYCRR 121.1 *et seq.*). No criminal action could have been initiated against plaintiff based on those traffic infractions.

We conclude that the weight of the evidence does not support a finding that Officer Marie had probable cause to charge plaintiff with the misdemeanor of inadequate brakes allegedly discovered during a safety check of the vehicle. In fact, Officer Marie lacked both the authority and the training to conduct a

safety check of the vehicle. The Buffalo Police Department Manual and Procedures (Manual) provides in paragraph 2.0 that police officers are permitted to conduct a safety check of a vehicle that is involved in a fatal traffic accident. The Manual further provides in paragraph 2.3 (b) that investigating officers in such other cases as they deem necessary may order a vehicle involved in an accident that did not result in fatalities towed to the police garage for a safety check. Thus, although Officer Marie testified that he believed that the safety check performed on plaintiff's vehicle was authorized pursuant to the Manual, in fact the Manual authorizes safety checks only for vehicles involved in accidents, and requires that safety checks on vehicles involved in accidents not resulting in fatalities be performed at the police garage.

In addition, plaintiff presented evidence that the charge of faulty brakes was unsubstantiated. Plaintiff presented both documentary evidence and the testimony of several witnesses establishing that, within two weeks prior to the incident, there had been repairs to the brakes. That evidence, along with the evidence that the police lacked the authority to conduct the safety check and that all of the charges were refiled after plaintiff filed a complaint with the FBI, only to be dismissed a second time, compels the conclusion that the preponderance of the evidence in favor of plaintiff, the moving party, was so great that the jury's finding on the issue whether plaintiff had failed to prove the absence of probable cause for the second prosecution could not have been reached upon any fair interpretation of the evidence (*see Tripoli v Tripoli*, 83 AD2d 764, *affd* 56 NY2d 684; *Kuncio v Millard Fillmore Hosp.*, 117 AD2d 975, 976, *lv denied* 68 NY2d 608). The verdict is therefore against the weight of the evidence insofar as it is based on the jury's finding with respect to that issue (*see generally Quigley v Sikora*, 269 AD2d 812, 813; *Dannick*, 191 AD2d at 964).

We therefore modify the judgment and the order granted August 23, 2000 by granting in part the posttrial motion of plaintiff and setting aside the verdict with respect to the cause of action for malicious prosecution based upon the second prosecution of plaintiff, and we grant a new trial on that cause of action only. Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.