█ JOSE SANTIAGO, Appellant, v CITY OF ROCHESTER et al., Respondents. [796 NYS2d 811]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered November 10, 2004. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff was arrested, incarcerated and subsequently indicted for, inter alia, the murder of a woman and the attempted murder of the woman's husband. Plaintiff was released on bail four months after his arrest. The indictment was dismissed upon the motion of the People when the surviving victim advised the District Attorney immediately before trial that he was unable to make a positive identification of plaintiff. Plaintiff thereafter commenced this action alleging, inter alia, false imprisonment and malicious prosecution. Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint.

Contrary to plaintiff's contention, the court properly deter-

mined that the cause of action alleging false imprisonment was time-barred inasmuch as plaintiff did not serve his notice of claim within 90 days of the accrual of the cause of action (*see* General Municipal Law § 50-e), i.e., the date on which plaintiff's confinement terminated (*see Boose v City of Rochester*, 71 AD2d 59, 65 [1979]).

With respect to the cause of action for malicious prosecution, we note that a necessary element of that cause of action " 'is the absence of probable cause for the criminal proceeding' " (*Hicks v City of Buffalo*, 295 AD2d 880, 884 [2002]; *see Martin v City of Albany*, 42 NY2d 13, 16 [1977]). Because plaintiff was indicted, there is a presumption that there was probable cause for the criminal proceeding (*see Colon v City of New York*, 60 NY2d 78, 82 [1983], *rearg denied* 61 NY2d 670 [1983]). To overcome that presumption of probable cause, plaintiff "must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*id.* at 83). Here, plaintiff contends that the basis for the criminal proceeding was an unreliable identification by the surviving victim, who advised police through an interpreter that the photograph looked "very much like" the man at his house, and he identified plaintiff by his nickname. Plaintiff's photograph had been placed in the photo array because the police were given a tip that there were rumors concerning plaintiff's involvement in the crimes. In addition, plaintiff contends that, at his arraignment on the indictment, his attorney filed a notice of alibi indicating that there was a videotape depicting plaintiff at a car wash at the time the crimes were committed. Plaintiff thus contends that the police failed to conduct a complete investigation with respect to his whereabouts on the day of the crimes. Nevertheless, there is no cause of action in New York for negligent investigation of a crime (*see Hernandez v State of New York*, 228 AD2d 902, 904 [1996]) and, in any event, plaintiff's contentions herein do not raise an issue of fact to defeat the presumption of probable cause created by the indictment (*see O'Donnell v County of Nassau*, 7 AD3d 590, 592 [2004]). We have reviewed plaintiff's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ. [*See* 5 Misc 3d 1027(A), 2004 NY Slip Op 51588(U) (2004).]