Rickey A. LYNCH, Plaintiff–Appellant,

v.

SUFFOLK COUNTY POLICE DE-
PARTMENT, INC., Robert Turano,
Detective, Gary R. Miller, Detective,
Theresa Dattoma, Detective, James
Catterson Jr., D.A., and Jennifer A.
Buetow, A.D.A., Defendants–Appel-
lees,

Suffolk County Police Benevolent
Association and Albert Anderson,
Fire Marshal, Defendants.*

No. 07–3684–cv.

United States Court of Appeals,
Second Circuit.

Oct. 14, 2009.

* The Clerk of Court is directed to amend the
official caption in this case to conform to the listing of the parties above.

Anthony Ofodile, Ofodile & Associates, P.C., Brooklyn, NY, for Appellant.

Christine Malafi, Suffolk County Attorney, Hauppauge, NY, for defendant-appellee Suffolk County Police Department.

Geoffrey H. Pforr, Kral Clerkin Redmond Ryan Perry & Girvan, LLP, Smithtown, NY, for defendants-appellees Robert Turano and Gary R. Miler.

Richard D. Haley, Haley Weinblatt & Calcagni, LLP, Islandia, NY, for defendant-appellee Theresa Dattoma.

Paul F. Millus, Snitow Kanfer Holtzer & Millus, LLP, for defendants-appellees James M. Catterson, Jr., and Jennifer A. Buetow.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN, District Judge.**

## SUMMARY ORDER

Plaintiff-appellant Rickey A. Lynch appeals from a July 31, 2007 judgment of the District Court entered after the District Court dismissed plaintiff's amended complaint in a July 30, 2007 Memorandum Decision and Order of Dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and issues raised on appeal.

Plaintiff brought this action under 42 U.S.C. § 1983 claiming that his car and other property were unconstitutionally seized and subsequently used to secure his conviction, and nine-year imprisonment, on forty-two felony counts of forgery and grand larceny. Plaintiff also asserted claims under § 1983 for false arrest, false imprisonment, and malicious prosecution in connection with his arrest and trial on the forgery and grand larceny charges, as well as in connection with several misde-

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

meanor charges that were brought against him but later dismissed "in the interest of justice" under New York Criminal Procedure Law § 170.40. Lastly, plaintiff brought claims of malicious prosecution and false imprisonment under New York common law.

The District Court dismissed plaintiff's amended complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We review the District Court's dismissal *de novo. See, e.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). For each of plaintiff's claims pursuant to § 1983, and for plaintiff's common law claims of malicious prosecution, we affirm the District Court's dismissal substantially for the reasons set forth in the District Court's decision. For plaintiff's common law claim of false imprisonment, we conclude that dismissal was inappropriate. Nevertheless, because it would be an abuse of discretion for the District Court to exercise supplemental jurisdiction over plaintiff's common law claim of false imprisonment, we remand the cause to the District Court with instructions to enter judgment for defendants-appellees.

### I. Section 1983 Claims

■ We affirm the District Court's dismissal of each of plaintiff's § 1983 claims. First, the doctrine articulated by the Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars plaintiff's claims for malicious prosecution in connection with his felony convictions. Plaintiff seeks to "recover damages for [an] allegedly unconstitutional conviction or imprisonment," *id.* at 486, 114 S.Ct. 2364, but plaintiff concedes, J.A. 270 (Compl.¶ 60), that his felony convictions have never been "invalidated" by a court or other proper authority, *Heck,* 512 U.S. at 487, 114 S.Ct. 2364; *see also Peay v. Ajello,* 470 F.3d 65, 68 (2d Cir.2006). In any event, a plaintiff "alleging the constitu-

tional tort of malicious prosecution in an action pursuant to § 1983 must establish termination of the prosecution in his favor in accordance with applicable state law." *Hygh v. Jacobs,* 961 F.2d 359, 367–68 (2d Cir.1992). The felony prosecution of plaintiff was not terminated in his favor; plaintiff was convicted.

■ Second, plaintiff cannot state a § 1983 claim for malicious prosecution in connection with the misdemeanor charges because the charges were dismissed "in the interest of justice" under New York Criminal Procedure Law § 170.40. A dismissal "in the interest of justice" under New York Criminal Procedure Law § 170.40 "cannot provide the favorable termination required as the basis for a claim of malicious prosecution." *Hygh,* 961 F.2d at 368 (citing *Ryan v. N.Y. Tel. Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487, 493 (1984)).

■ Third, plaintiff's § 1983 claim challenging the seizure of his car and other effects is time-barred. The statute of limitations for a § 1983 action arising in New York is three years, *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994), and, in most cases, a cause of action under § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action," *Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir.2002) (internal quotation marks omitted). Plaintiff claims that he did not learn of the unconstitutionality of the seizure of his car and other effects until he received an Internal Affairs Bureau report in 2003. That report, however, described only how the seized evidence was allegedly used by investigators and prosecutors to convict plaintiff. Under *Heck,* plaintiff cannot recover damages for his conviction; he can recover only the damages he allegedly sustained as a result of the seizure itself. 512 U.S. at 486–87 & n. 7, 114 S.Ct. 2364.

Plaintiff was aware that his property was seized—and thus knew "of the injury which is the basis of his action"—on February 1, 1997, and the statute of limitations began to run on plaintiff's claim at that time. *Pearl,* 296 F.3d at 80. Plaintiff did not commence this action until March 31, 2005, well after the three-year statute of limitations had elapsed. We agree with the District Court that equitable tolling is not appropriate, and thus plaintiff's § 1983 claim relating to the seizure of his car and other effects is time-barred.

■ Fourth, plaintiff's § 1983 claims for false imprisonment and false arrest are also time-barred. For a § 1983 claim of false imprisonment—and for a claim of false arrest, which is a "species" of false imprisonment—the statute of limitations begins to run "when the alleged false imprisonment ends." *Wallace v. Kato,* 549 U.S. 384, 388–89, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* (emphasis omitted). Here, plaintiff was arraigned shortly after his allegedly false arrest and imprisonment in 1997. The statute of limitations, therefore, began to run at that time, and plaintiff's claims for false arrest and false imprisonment—brought in 2005—are barred by the three-year statute of limitations.

Fifth, plaintiff's claim pursuant to *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), is essentially derivative of his other § 1983 claims and fails for the same reasons that those claims fail. In order to prevail on a claim against a municipality under *Monell,* a plaintiff must allege, among other things, that a "municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018; *accord Roe v. City of Waterbury,* 542 F.3d 31, 36

(2d Cir.2008). Insofar as plaintiff alleges that a municipal policy caused prosecutorial misconduct in the trial that led to his felony convictions, plaintiff's claim seeks to "recover damages for [an] allegedly unconstitutional conviction or imprisonment" and is barred by *Heck,* 512 U.S. at 486, 114 S.Ct. 2364. Insofar as plaintiff alleges that a municipal policy caused malicious prosecution in connection with the dismissed misdemeanor charges, plaintiff cannot show malicious prosecution because the charges were not terminated in his favor. *Hygh,* 961 F.2d at 367–68 (citing *Ryan,* 478 N.Y.S.2d 823, 467 N.E.2d at 493). Insofar as plaintiff alleges that a municipal policy caused the unconstitutional seizure of his car and effects and caused his unlawful arrest and imprisonment, the statute of limitations on those claims has long since elapsed. *Pearl,* 296 F.3d at 80.

## II. New York Common Law Claims

■ We affirm the District Court's dismissal of plaintiff's common law claims of malicious prosecution. Those claims fail for the same reason that his § 1983 claims of malicious prosecution fail: neither the felony charges nor the misdemeanor charges were dismissed in plaintiffs' favor. *Hygh,* 961 F.2d at 367–68 (citing *Ryan,* 478 N.Y.S.2d 823, 467 N.E.2d at 493).

■ The District Court erred, however, in concluding that plaintiff's common law false imprisonment claim was barred by the statute of limitations. "[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace,* 549 U.S. at 388, 127 S.Ct. 1091 (emphasis omitted); *accord Pearl,* 296 F.3d at 80. Thus, under federal law, plaintiff's claim of false imprisonment under § 1983 accrued when plaintiff was arraigned in 1997. *See Wallace,* 549 U.S. at 388–89, 127 S.Ct. 1091. By contrast, the accrual date of a state com-

mon law cause of action is a question of state law, and under New York law, a "cause of action for the tort of false imprisonment accrues" not on the date of arraignment but on "the date of the prisoner's release from confinement." *Jackson v. Police Dep't of the City of N.Y.*, 119 A.D.2d 551, 552, 500 N.Y.S.2d 553 (N.Y.App.Div., 2d Dep't, 1986); *accord Santiago v. City of Rochester*, 19 A.D.3d 1061, 1061–62, 796 N.Y.S.2d 811 (N.Y.App. Div., 4th Dep't, 2005). Plaintiff filed this action prior to his release from confinement, and thus plaintiff's common law false imprisonment claim was timely. Accordingly, we vacate the District Court's judgment insofar as the District Court dismissed plaintiff's common law false imprisonment claim.

### III. Leave to Amend

Finally, we uphold the District Court's denial of plaintiff's request for leave to amend his complaint. We review the denial of leave to amend for "abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir.2007). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir.2008) (citation, alterations, and quotation marks omitted). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy*, 482 F.3d at 201. Here, the District Court denied leave to amend because it found that amendment would have been futile and because, in any event, plaintiff had offered "no indication of what a second amended complaint would contain." That denial was well within the range of permis-

sible decisions available to the District Court.

### IV. Supplemental Jurisdiction

■ As set forth above, we vacate the District Court's judgment insofar as the District Court dismissed plaintiff's common law false imprisonment claim. Nevertheless, it would be an abuse of discretion for the District Court to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367. *See Valencia v. Lee*, 316 F.3d 299, 304–08 (2d Cir. 2003). Because the District Court correctly dismissed each of plaintiff's § 1983 claims, and because we affirm the District Court's denial of leave to amend, "all federal-law claims" have been "eliminated before trial" and all of the relevant factors— "judicial economy, convenience, fairness, and comity"—"point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 305 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)) (internal quotation marks omitted). Accordingly, on remand, the District Court is instructed to enter judgment for defendants-appellees.

### CONCLUSION

For the reasons stated above, the July 31, 2007 judgment of the District Court is AFFIRMED insofar as the District Court dismissed plaintiff's § 1983 claims and plaintiff's common law malicious prosecution claims. The judgment of the District Court is VACATED insofar as the District Court dismissed plaintiff's common law false imprisonment claim as barred by the statute of limitations. The cause is REMANDED to the District Court with instructions to enter judgment for defendants-appellees.