SUMMARY ORDER
Plaintiff-appellant Rickey A. Lynch appeals from a July 31, 2007 judgment of the District Court entered after the District Court dismissed plaintiffs amended complaint in a July 30, 2007 Memorandum Decision and Order of Dismissal. We assume the parties’ familiarity with the underlying facts, procedural history, and issues raised on appeal.
Plaintiff brought this action under 42 U.S.C. § 1983 claiming that his car and other property were unconstitutionally seized and subsequently used to secure his conviction, and nine-year imprisonment, on forty-two felony counts of forgery and grand larceny. Plaintiff also asserted claims under § 1983 for false arrest, false imprisonment, and malicious prosecution in connection with his arrest and trial on the forgery and grand larceny charges, as well as in connection with several misde *674 meanor charges that were brought against him but later dismissed “in the interest of justice” under New York Criminal Procedure Law § 170.40. Lastly, plaintiff brought claims of malicious prosecution and false imprisonment under New York common law.
The District Court dismissed plaintiffs amended complaint for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). We review the District Court’s dismissal de novo. See, e.g., Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002). For each of plaintiffs claims pursuant to § 1983, and for plaintiffs common law claims of malicious prosecution, we affirm the District Court’s dismissal substantially for the reasons set forth in the District Court’s decision. For plaintiffs common law claim of false imprisonment, we conclude that dismissal was inappropriate. Nevertheless, because it would be an abuse of discretion for the District Court to exercise supplemental jurisdiction over plaintiffs common law claim of false imprisonment, we remand the cause to the District Court with instructions to enter judgment for defendants-appellees.
I. Section 1983 Claims
We affirm the District Court’s dismissal of each of plaintiffs § 1983 claims. First, the doctrine articulated by the Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), bars plaintiffs claims for malicious prosecution in connection with his felony convictions. Plaintiff seeks to “recover damages for [an] allegedly unconstitutional conviction or imprisonment,” id. at 486, 114 S.Ct. 2364, but plaintiff concedes, J.A. 270 (Comply 60), that his felony convictions have never been “invalidated” by a court or other proper authority, Heck, 512 U.S. at 487, 114 S.Ct. 2364; see also Peay v. Ajello, 470 F.3d 65, 68 (2d Cir.2006). In any event, a plaintiff “alleging the constitutional tort of malicious prosecution in an action pursuant to § 1983 must establish termination of the prosecution in his favor in accordance with applicable state law.” Hygh v. Jacobs, 961 F.2d 359, 367-68 (2d Cir.1992). The felony prosecution of plaintiff was not terminated in his favor; plaintiff was convicted.
Second, plaintiff cannot state a § 1983 claim for malicious prosecution in connection with the misdemeanor charges because the charges were dismissed “in the interest of justice” under New York Criminal Procedure Law § 170.40. A dismissal “in the interest of justice” under New York Criminal Procedure Law § 170.40 “cannot provide the favorable termination required as the basis for a claim of malicious prosecution.” Hygh, 961 F.2d at 368 (citing Ryan v. N.Y. Tel. Co., 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487, 493 (1984)).
Third, plaintiffs § 1983 claim challenging the seizure of his car and other effects is time-barred. The statute of limitations for a § 1983 action arising in New York is three years, Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994), and, in most cases, a cause of action under § 1983 accrues “when the plaintiff knows or has reason to know of the injury which is the basis of his action,” Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir.2002) (internal quotation marks omitted). Plaintiff claims that he did not learn of the unconstitutionality of the seizure of his car and other effects until he received an Internal Affairs Bureau report in 2003. That report, however, described only how the seized evidence was allegedly used by investigators and prosecutors to convict plaintiff. Under Heck, plaintiff cannot recover damages for his conviction; he can recover only the damages he allegedly sustained as a result of the seizure itself. 512 U.S. at 486-87 & n. 7, 114 S.Ct. 2364. *675 Plaintiff was aware that his property was seized — and thus knew “of the injury which is the basis of his action” — on February 1,1997, and the statute of limitations began to run on plaintiffs claim at that time. Pearl, 296 F.3d at 80. Plaintiff did not commence this action until March 31, 2005, well after the three-year statute of limitations had elapsed. We agree with the District Court that equitable tolling is not appropriate, and thus plaintiffs § 1983 claim relating to the seizure of his car and other effects is time-barred.
Fourth, plaintiffs § 1983 claims for false imprisonment and false arrest are also time-barred. For a § 1983 claim of false imprisonment — and for a claim of false arrest, which is a “species” of false imprisonment — the statute of limitations begins to run “when the alleged false imprisonment ends.” Wallace v. Kato, 549 U.S. 384, 388-89, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). An alleged false imprisonment ends when “the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges.” Id. (emphasis omitted). Here, plaintiff was arraigned shortly after his allegedly false arrest and imprisonment in 1997. The statute of limitations, therefore, began to run at that time, and plaintiffs claims for false arrest and false imprisonment — brought in 2005 — are barred by the three-year statute of limitations.
Fifth, plaintiffs claim pursuant to Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), is essentially derivative of his other § 1983 claims and fails for the same reasons that those claims fail. In order to prevail on a claim against a municipality under Monell, a plaintiff must allege, among other things, that a “municipal policy of some nature caused a constitutional tort.” Id. at 691, 98 S.Ct. 2018; accord Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir.2008). Insofar as plaintiff alleges that a municipal policy caused prosecutorial misconduct in the trial that led to his felony convictions, plaintiffs claim seeks to “recover damages for [an] allegedly unconstitutional conviction or imprisonment” and is barred by Heck, 512 U.S. at 486, 114 S.Ct. 2364. Insofar as plaintiff alleges that a municipal policy caused malicious prosecution in connection with the dismissed misdemeanor charges, plaintiff cannot show malicious prosecution because the charges were not terminated in his favor. Hygh, 961 F.2d at 367-68 (citing Ryan, 478 N.Y.S.2d 823, 467 N.E.2d at 493). Insofar as plaintiff alleges that a municipal policy caused the unconstitutional seizure of his car and effects and caused his unlawful arrest and imprisonment, the statute of limitations on those claims has long since elapsed. Pearl, 296 F.3d at 80.
II. New York Common Law Claims
We affirm the District Court’s dismissal of plaintiffs common law claims of malicious prosecution. Those claims fail for the same reason that his § 1983 claims of malicious prosecution fail: neither the felony charges nor the misdemeanor charges were dismissed in plaintiffs’ favor. Hygh, 961 F.2d at 367-68 (citing Ryan, 478 N.Y.S.2d 823, 467 N.E.2d at 493).
The District Court erred, however, in concluding that plaintiffs common law false imprisonment claim was barred by the statute of limitations. “[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law.” Wallace, 549 U.S. at 388, 127 S.Ct. 1091 (emphasis omitted); accord Pearl, 296 F.3d at 80. Thus, under federal law, plaintiffs claim of false imprisonment under § 1983 accrued when plaintiff was arraigned in 1997. See Wallace, 549 U.S. at 388-89, 127 S.Ct. 1091. By contrast, the accrual date of a state com *676 mon law cause of action is a question of state law, and under New York law, a “cause of action for the tort of false imprisonment accrues” not on the date of arraignment but on “the date of the prisoner’s release from confinement.” Jackson v. Police Dep’t of the City of N.Y., 119 A.D.2d 551, 552, 500 N.Y.S.2d 553 (N.Y.App.Div., 2d Dep’t, 1986); accord Santiago v. City of Rochester, 19 A.D.3d 1061, 1061-62, 796 N.Y.S.2d 811 (N.Y.App. Div., 4th Dep’t, 2005). Plaintiff filed this action prior to his release from confinement, and thus plaintiffs common law false imprisonment claim was timely. Accordingly, we vacate the District Court’s judgment insofar as the District Court dismissed plaintiffs common law false imprisonment claim.
III. Leave to Amend
Finally, we uphold the District Court’s denial of plaintiffs request for leave to amend his complaint. We review the denial of leave to amend for “abuse of discretion.” McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir.2007). “A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions.” Sims v. Blot, 534 F.3d 117, 132 (2d Cir.2008) (citation, alterations, and quotation marks omitted). “Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend ‘shall be freely given when justice so requires,’ it is within the sound discretion of the district court to grant or deny leave to amend.” McCarthy, 482 F.3d at 201. Here, the District Court denied leave to amend because it found that amendment would have been futile and because, in any event, plaintiff had offered “no indication of what a second amended complaint would contain.” That denial was well within the range of permissible decisions available to the District Court.
IV. Supplemental Jurisdiction
As set forth above, we vacate the District Court’s judgment insofar as the District Court dismissed plaintiffs common law false imprisonment claim. Nevertheless, it would be an abuse of disci-etion for the District Court to exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367. See Valencia v. Lee, 316 F.3d 299, 304-08 (2d Cir.2003). Because the District Court correctly dismissed each of plaintiffs § 1983 claims, and because we affirm the District Court’s denial of leave to amend, “all federal-law claims” have been “eliminated before trial” and all of the relevant factors— “judicial economy, convenience, fairness, and comity” — “point toward declining to exercise jurisdiction over the remaining state-law claims.” Id. at 305 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)) (internal quotation marks omitted). Accordingly, on remand, the District Court is instructed to enter judgment for defendants-appellees.
CONCLUSION
For the reasons stated above, the July 31, 2007 judgment of the District Court is AFFIRMED insofar as the District Court dismissed plaintiffs § 1983 claims and plaintiffs common law malicious prosecution claims. The judgment of the District Court is VACATED insofar as the District Court dismissed plaintiffs common law false imprisonment claim as barred by the statute of limitations. The cause is REMANDED to the District Court with instructions to enter judgment for defendants-appellees.