# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**658**
**CA 13-01539**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

JESSICA SANCHEZ, PLAINTIFF-APPELLANT,
ET AL., PLAINTIFF,

V                                                MEMORANDUM AND ORDER

MARY E. DAWSON AND BIRNIE BUS SERVICE, INC.,
DEFENDANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

BRINDISI, MURAD, BRINDISI & PEARLMAN, LLP, UTICA (STEPHANIE A. PALMER OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BREEDLOVE & NOLL, LLP, CLIFTON PARK (CARRIE MCLOUGHLIN NOLL OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered December 28, 2012.  The judgment dismissed the complaint upon a verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action to recover damages for injuries sustained by Jessica Sanchez (plaintiff) when her vehicle was rear-ended by a vehicle driven by defendant Mary E. Dawson, an employee of defendant Birnie Bus Service, Inc.  A jury subsequently determined that plaintiff did not sustain a serious injury under the significant disfigurement, permanent consequential limitation of use, significant limitation of use, or 90/180-day categories of Insurance Law § 5102 (d).  Contrary to plaintiff's contention, Supreme Court properly denied her motion to set aside the verdict inasmuch as the jury fairly interpreted the evidence in finding that plaintiff did not sustain a serious injury.

The standard for determining whether a verdict should be set aside is whether "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [internal quotation marks omitted]).  Thus, a verdict should not be set aside unless it is " 'palpably irrational' " (*Quigley v Sikora*, 269 AD2d 812, 813) or " 'palpably wrong' " (*Mohamed v Cellino & Barnes*, 300 AD2d 1116, 1117, *lv denied* 99 NY2d 510).  "To conclude as a matter of law that a jury verdict is not supported by sufficient evidence, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence

presented at trial' " (*Mazzella v Capobianco*, 27 AD3d 532, 532). We also note that, in evaluating a jury verdict, we accord " 'great deference . . . to the fact-finding function of the jury, [which] is in the foremost position to assess witness credibility' " (*Guthrie v Overmeyer*, 19 AD3d 1169, 1170).

Contrary to plaintiff's contention, a fair interpretation of the evidence supports the jury's determination that a postaccident surgical scar on her neck does not constitute a significant disfigurement (*see San George v Prowse*, 259 AD2d 988, 989). A significant disfigurement exists if a reasonable person viewing the plaintiff's body in its altered state regards "the condition as unattractive, objectionable, or the subject of pity or scorn" (*Heller v Jansma*, 103 AD3d 1160, 1161; *see Loiseau v Maxwell*, 256 AD2d 450, 450). Here, the subject scar, which the jury and the court had an opportunity to view in its entirety, is approximately four inches in length, and we perceive no basis for disturbing the jury's determination with respect thereto.

Contrary to plaintiff's further contention, with respect to the remaining categories of serious injury, we conclude that the jury was entitled to credit the testimony of defendants' witnesses and reject the testimony of plaintiff's witnesses (*see Guthrie*, 19 AD3d at 1170; *Betit v Weeden*, 251 AD2d 930, 932). Indeed, the record establishes that plaintiff's physicians and expert witnesses were unaware of certain facts that could have impacted their opinions, including a subsequent motor vehicle accident and a college physical education class. With respect to the physical education class, defendants presented the testimony of plaintiff's former physical education teacher who noted that, after the accident, plaintiff participated in both cardiovascular fitness and strength training, knowledge of which may have affected the opinions of her witnesses on the issue of the extent of plaintiff's claimed injuries. Inasmuch as plaintiff's physicians and expert witnesses acknowledged that, if the history as provided to them by plaintiff was inaccurate or incomplete, then their opinions might be inaccurate or incomplete, we conclude that the jury's determinations with respect to the remaining categories of serious injury constitute a fair interpretation of the evidence and were not " 'palpably irrational' " (*Quigley*, 269 AD2d at 813). Even assuming, arguendo, that plaintiff established a prima facie case of serious injury, the jury nevertheless was entitled to reject the opinions of plaintiff's physicians and expert witnesses (*see Brennan v Bauman & Sons Buses*, 107 AD2d 654, 655).

In view of our determination, we see no need to address plaintiff's remaining contention.

Entered: August 8, 2014                    Frances E. Cafarell
                                           Clerk of the Court