# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1364
CA 15-00057
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.
_____

MAURICE MCMILLIAN AND TEARTHA MCMILLIAN,
PLAINTIFFS-RESPONDENTS,

V                                                   MEMORANDUM AND ORDER

MIMEUX M. BURDEN, DEFENDANT-RESPONDENT,
JAMES E. GRANT, DEFENDANT-APPELLANT,
AND BLONDELL BURDEN, DEFENDANT.
------------------------------------------
MIMEUX M. BURDEN, PLAINTIFF-RESPONDENT,

V

JAMES E. GRANT, DEFENDANT-APPELLANT.
_____

HAGELIN KENT LLC, BUFFALO (SEAN M. SPENCER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PAUL J. VACCA, JR., ROCHESTER, FOR PLAINTIFFS-RESPONDENTS MAURICE
MCMILLIAN AND TEARTHA MCMILLIAN.

ELLIOTT STERN CALABRESE, LLP, ROCHESTER (DAVID S. STERN OF COUNSEL),
FOR DEFENDANT-RESPONDENT AND PLAINTIFF-RESPONDENT MIMEUX M. BURDEN.
_____

Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered March 17, 2014.  The order, among other
things, granted the plaintiffs' motions to set aside the jury verdict.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motions are denied,
and the jury verdict is reinstated.

Memorandum:  Plaintiffs Maurice McMillian and Teartha McMillian
commenced this action asserting direct and derivative causes of action
based on injuries sustained by Maurice while he was a passenger in a
vehicle being operated by Mimeux M. Burden, a defendant in the action
commenced by Maurice and Teartha, and the plaintiff in a separate
action against James E. Grant (defendant), who was driving the vehicle
that rear-ended the vehicle operated by Mimeux.  The two actions were
joined for trial, and the jury found that neither Maurice nor Mimeux
had sustained a serious injury pursuant to Insurance Law § 5102 (d).
Supreme Court granted plaintiffs' motions to set aside the verdict as
against the weight of the evidence and determined as a matter of law
that both Maurice and Mimeux had sustained a serious injury.  We

reverse and reinstate the verdict.

As a preliminary matter, we note our difficulty in reviewing this case inasmuch as the court failed to set forth its reasoning for setting aside the verdict and determining, as a matter of law, that both Maurice and Mimeux sustained a serious injury.  The court essentially disregarded the deference owed to a jury verdict (*see generally McClain v Lockport Mem. Hosp.*, 236 AD2d 864, 865, *lv denied* 89 NY2d 817), and made a determination of serious injury as a matter of law, and yet it failed to specify what category or categories of serious injury Maurice and Mimeux sustained.

It is well established that " '[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (*Sauter v Calabretta*, 103 AD3d 1220, 1220).  "Although [t]hat determination is addressed to the sound discretion of the trial court, . . . if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*id.* [internal quotation marks omitted]).  Furthermore, "it is within the province of the jury to determine issues of credibility, and great deference is accorded to the jury given its opportunity to see and hear the witnesses" (*id.* [internal quotation marks omitted]).

Here, we conclude that the court erred in setting aside the jury's verdict inasmuch as the jury was entitled to credit the testimony of defendant's witnesses and reject the testimony of plaintiffs' witnesses (*see Guthrie v Overmeyer*, 19 AD3d 1169, 1170).  Even assuming, arguendo, that plaintiffs established a prima facie case of serious injury, we nevertheless conclude that the jury was entitled to reject the opinions of plaintiffs' physicians (*see Sanchez v Dawson*, 120 AD3d 933, 935).  The jury's interpretation of the evidence was not " 'palpably irrational' " (*Quigley v Sikora*, 269 AD2d 812, 813), or " 'palpably wrong' " (*Mohamed v Cellino & Barnes*, 300 AD2d 1116, 1117, *lv denied* 99 NY2d 510), and the court therefore erred in granting plaintiffs' motions.

Entered:  February 5, 2016                    Frances E. Cafarell
                                              Clerk of the Court