DeJoseph, J.
(dissenting). I respectfully dissent in part. I agree with my colleagues in appeal No. 1 that Supreme Court erred in failing to grant defendants’ motion to dismiss with respect to the second and third causes of action. I also agree in appeal No. 2 that the court properly denied defendants’ motion to transfer venue. I respectfully disagree, however, with the majority’s conclusion in appeal No. 1 that the court did not abuse its discretion in denying defendants’ motion to dismiss the first cause of action pursuant to CPLR 3211 (a) (4). I would therefore reverse the order in appeal No. 1, grant defendants’ motion in its entirety, and dismiss the complaint.
As a preliminary matter, I question how the majority concluded that the court did not abuse its discretion. The court provided no written or oral basis for its decision; it simply denied the motion. I find it nearly impossible to determine whether the court did or did not abuse its discretion when it failed to provide any reasoning for denying the motion. This is even more troubling in light of the letter submitted to the court by counsel for defendants, in which counsel noted, inter alia, that the court had “fail[ed] to state the legal basis for the . . . decision” and, because of a scheduling hearing in Suffolk County on the issue of attorney’s fees, asked the court for clarification. By all accounts in the record before us, the court never responded. In my view, trial courts have an obligation to the litigants to provide a basis for their decisions. Failing to do so is unacceptable and continues to frustrate appellate review *1736 (see generally McMillian v Burden, 136 AD3d 1342, 1343 [2016]).
Moving now to the merits, during oral argument of this appeal, both parties agreed that: (1) the relief — attorneys fees— sought in Suffolk County was the same as that sought in Erie County; and (2) it affected the same two parties, i.e., plaintiff and defendants. It was plaintiff’s primary contention that there was simply no other “action” pending in Suffolk County in order to trigger CPLR 3211 (a) (4). Interestingly, the majority does not address whether the relief sought in both venues is substantially the same. Instead, the majority concludes that “[t]here are ... no common parties to either action nor the requisite substantial identity of parties.” I disagree. Although the captions of the two actions do not match, there is an action pending in Suffolk County concerning the same relief that affects the same two parties, i.e., not the underlying personal injury action itself, but the proceeding brought within that action by defendants. There is no dispute that within the underlying personal injury action, defendants, by way of order to show cause and supporting petition, sought a resolution of the issue concerning the attorney’s fees between plaintiff and defendants. On that same day, plaintiff commenced an action in Erie County also seeking, inter alia, a resolution of the issue concerning the attorney’s fees. As conceded by the majority, the “defendants were not required to commence a separate action to determine and enforce a charging lien pursuant to Judiciary Law § 475.” As I see it, defendants have been faulted for following common and accepted procedure inasmuch as defendants’ attorney’s fees application in Suffolk County clearly constitutes another action pending between the same parties for the same relief (see CPLR 3211 [a] [4]).
Present — Whalen, P.J., Peradotto, Lindley, DeJoseph and NeMoyer, JJ.