# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1246**
**CA 16-00500**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

MARCIA WENTLAND, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

E.A. GRANCHELLI DEVELOPERS, INC., AND K.M.
TREATS, DEFENDANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

BROWN CHIARI LLP, BUFFALO (DAVID W. OLSON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (LISA DIAZ-ORDAZ OF
COUNSEL), FOR DEFENDANT-RESPONDENT E.A. GRANCHELLI DEVELOPERS, INC.

HAGELIN SPENCER LLC, BUFFALO (WILLIAM SWIFT OF COUNSEL), FOR
DEFENDANT-RESPONDENT K.M. TREATS.

---

Appeal from a judgment of the Supreme Court, Niagara County
(Frank Caruso, J.), entered January 22, 2016.  The judgment granted
judgment in favor of defendants upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action to recover damages
for injuries she allegedly sustained when she slipped and fell outside
the storefront of defendant K.M. Treats, a tenant in a plaza owned by
defendant E.A. Granchelli Developers, Inc. (Granchelli).  At trial,
plaintiff's theory was that she slipped on ice that formed when
melting snow dripped from Granchelli's metal canopy and froze on the
sidewalk below, and thus Granchelli was negligent in creating the
dangerous condition on its sidewalk.  The jury returned a verdict
finding that defendants were not negligent.  Plaintiff thereafter
moved to set aside the verdict as against the weight of the evidence
and on the ground of juror misconduct, and Supreme Court denied that
motion.

"It is well established that [a] verdict rendered in favor of a
defendant may be successfully challenged as against the weight of the
evidence only when the evidence so preponderated in favor of the
plaintiff that it could not have been reached on any fair
interpretation of the evidence" (*McMillian v Burden*, 136 AD3d 1342,
1343 [internal quotation marks omitted]; *see Krieger v McDonald's
Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734).

That determination is within the court's sound discretion and, "if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*McMillian*, 136 AD3d at 1343 [internal quotation marks omitted]; *see Parr v Mongarella*, 77 AD3d 1429, 1429-1430). Where there is conflicting testimony, it is the jury's function to make credibility determinations, which are entitled to deference based on the jury's opportunity to see and hear the witnesses (*see McMillian*, 136 AD3d at 1343-1344). Moreover, the jury is entitled to reject the opinion of an expert witness, particularly where such testimony is contrary to the testimony of another expert witness whom the jury finds more credible (*see Sanchez v Dawson*, 120 AD3d 933, 935; *see also McMillian*, 136 AD3d at 1344).

Contrary to plaintiff's contention, we conclude that the verdict is not against the weight of the evidence. On cross-examination, plaintiff testified that the ice patch on which she slipped was 15 to 16 inches wide, and, although she felt "a couple drops" of water from the canopy, she could not say that dripping water caused the condition on which she fell. Granchelli's maintenance supervisor, upon whose testimony plaintiff heavily relies, testified that the alleged defect in the canopy consistently created an ice patch that was four inches wide, and could not have created an icy condition as large as the one on which plaintiff allegedly slipped. Their testimony comports with the testimony of Granchelli's expert, who opined that, although an "extremely small" amount of water likely dripped off the canopy, the icy condition on the sidewalk was more likely ice created by precipitation. Moreover, Granchelli's office personnel testified that they never received a complaint about icy conditions or about the metal canopy prior to plaintiff's accident. Although the maintenance supervisor testified otherwise, he was married to the owner of the other defendant herein, whose interests were adverse to Granchelli's interests. We therefore conclude that the evidence did not so preponderate in favor of plaintiff that the verdict could not have been reached upon a fair interpretation of the evidence (*see Krieger*, 79 AD3d at 1828-1829).

We reject plaintiff's further contention that the court abused its discretion in denying her motion to set aside the verdict insofar as it was based on juror misconduct. The court held a hearing on that part of the motion and took testimony from one juror who discussed with the jury his observations about canopies. We conclude that the evidence presented at the hearing supports the court's conclusion that the subject juror did not hold himself out to the jury as an expert, but properly based his opinions on his day-to-day life experience (*see generally Campopiano v Volcko*, 82 AD3d 1587, 1588-1589).

Entered:   December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court