Clark v Loftus (2018 NY Slip Op 04473)





Clark v Loftus


2018 NY Slip Op 04473


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND TROUTMAN, JJ.


699 CA 17-01917

[*1]ONDREA CLARK, PLAINTIFF-RESPONDENT,
v
WILLIAM LOFTUS, M.D., AND LOFTUS & RYU, M.D.'S P.C., DEFENDANTS-APPELLANTS. 






MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (CHARLES E. PATTON OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered August 22, 2017. The order granted the motion of plaintiff to set aside a jury verdict and ordered a new trial on the issue of negligence. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the jury verdict is reinstated.
Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries she allegedly sustained as the result of complications following a surgical procedure performed by William Loftus, M.D. (defendant). At trial, plaintiff and defendants presented conflicting expert testimony concerning defendant's alleged negligence, and Supreme Court's charge to the jury on negligence included instructions on the doctrine of res ipsa loquitur. The jury returned a verdict finding that defendant was not negligent and plaintiff moved to set aside the verdict as against the weight of the evidence and for a new trial, and in the alternative sought judgment notwithstanding the verdict. The court granted the motion upon determining that the verdict was against the weight of the evidence and directed a new trial on the issue of negligence, including the doctrine of res ipsa loquitur. We reverse the order and reinstate the verdict.
"It is well established that [a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016] [internal quotation marks omitted]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). "Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Schreiber v University of Rochester Med. Ctr., 88 AD3d 1262, 1263 [4th Dept 2011] [internal quotation marks omitted]).
Here, there was sharply conflicting expert testimony with respect to whether plaintiff's postoperative symptoms could have occurred without negligence on the part of defendant, and the jury was entitled to credit the testimony of defendants' experts and reject the testimony of plaintiff's expert (see McMillian, 136 AD3d at 1344). We conclude that the court erred in setting aside the verdict as against the weight of the evidence inasmuch as "the jury had ample basis to conclude that plaintiff's postoperative condition was not attributable to any deviation from accepted community standards of medical practice by defendant" (Frasier v McIlduff, 161 AD2d 856, 859 [3d Dept 1990]), and thus the jury's finding that defendant was not negligent was not "palpably irrational or wrong" (Lesio v Attardi, 121 AD3d 1527, 1528 [4th Dept 2014] [internal quotation marks omitted]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court