ment.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ RICHARD J. McLOUGHLIN, Individually and as Parent and Natural Guardian of LAURA McLOUGHLIN, an Infant, Appellant, v HAMBURG CENTRAL SCHOOL DISTRICT et al., Respondents. [643 NYS2d 845] —Second amended judgment unanimously affirmed without costs. Memorandum: A motion to set aside a jury verdict of no cause of action should not be granted "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, citing *Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608). If the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the trial court should not substitute its judgment for that of the jury (*see, Bolles v County of Cattaraugus,* 162 AD2d 975). The determination whether to set aside a jury verdict is addressed to the sound discretion of the trial court, but the court must be careful not to " 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts to an usurpation of the jury's duty' " (*Nicastro v Park,* 113 AD2d 129, 133, quoting *Ellis v Hoelzel,* 57 AD2d 968, 969). Upon our review of the record, we conclude that the jury's determination that defendants were not negligent is one that could reasonably have been rendered upon the conflicting evidence adduced at trial. (Appeal from Second Amended Judgment of Supreme Court, Erie County, Mahoney, J.—Negligence.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ GLADYS L. McDANIELS, Appellant, v AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Respondent. (Appeal No. 1.) [643 NYS2d 464] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Callahan, Doerr and Davis, JJ.

■ GLADYS L. McDANIELS, Appellant, v AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, Respondent. (Appeal No. 2.) [643 NYS2d 846] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this action to recover insurance benefits under a mortgagor's disability insurance policy, plaintiff contends that one question on the policy application was not printed in ten-point type as required by Insurance Law § 3102