MANDY KORNACKI, Respondent, v ELLEN KORNACKI, Appellant, and JOSEPH BUJNICKI, Respondent, et al., Defendant. (Appeal No. 1.) [719 NYS2d 911] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.,* 155 AD2d 435; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Set Aside Verdict.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.

 MANDY KORNACKI, Respondent, v ELLEN KORNACKI, Appellant, and JOSEPH BUJNICKI, Respondent, et al., Defendant. (Appeal No. 2.) [720 NYS2d 677] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly denied the motion of Ellen Kornacki (defendant) seeking to set aside the jury verdict determining liability in favor of plaintiff and apportioning 80% of the liability to defendant and 20% to defendant Joseph Bujnicki. Plaintiff, defendant's daughter, was injured when Bujnicki's vehicle collided with defendant's vehicle at an intersection. "A motion to set aside a jury verdict * * * should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence'" (*McLoughlin v Hamburg Cent. School Dist.,* 227 AD2d 951, *lv denied* 88 NY2d 813, quoting *Dannick v County of Onondaga,* 191 AD2d 963). The jury was entitled to credit the testimony of Bujnicki that the traffic signal was green when he proceeded into the intersection, rather than the testimony of defendant and plaintiff that defendant stopped for the red signal and then proceeded through the intersection when the signal was green. "If the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the trial court should not substitute its judgment for that of the jury" (*McLoughlin v Hamburg Cent. School Dist., supra,* at 951).

The court properly directed a verdict with respect to the issue of negligence. Defendant testified that she stopped for the red traffic signal, but admitted that her view of approaching traffic was blocked by a truck parked in a parking lot because

she did not stop "at the point nearest the intersecting roadway where [she had] a view of the approaching traffic on the intersecting roadway before entering the intersection" (Vehicle and Traffic Law § 1111 [d] [1]). Thus, the court properly determined that defendant's violation of Vehicle and Traffic Law § 1111 (d) (1) constitutes negligence (*see,* PJI3d 2:26 [1999]). (Appeal from Judgment of Supreme Court, Erie County, NeMoyer, J.—Negligence.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.