ELIZABETH CAVALLARO et al., Individually and as Parents and Natural Guardians of OLIVIA CAVALLARO, an Infant, Appellants, v A. SOMASKANDA, M.D., et al., Respondents. (Appeal No. 1.) [720 NYS2d 431] —Appeal unanimously dismissed without costs (*see, Smith v Catholic Med. Ctr.*, 155 AD2d 435; *see also*, CPLR 5501 [a] [1], [2]). (Appeal from Order of Supreme Court, Monroe County, Affronti, J.—Set Aside Verdict.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.

 Plaintiffs appeal from judgments entered upon a special jury verdict finding that, although defendants A. Somaskanda, M.D. (Somaskanda) and Myers Community Hospital (Myers) were negligent in the care of plaintiff Elizabeth Cavallaro (Cavallaro) on September 20, 1994, that negligence was not a substantial factor in causing the panhypopituitarism of Cavallaro's newborn child. The child was diagnosed with the condition seven months after birth, and plaintiffs alleged that it was caused by the trauma that the child sustained during the birthing process on September 19 and 20, 1994. Defendants alleged that the condition was due to a birth abnormality for which they are not responsible. In returning its verdict, the jury specifically found that Somaskanda and Myers were not negligent in the treatment of Cavallaro on September 19, 1994.

Plaintiffs contend that the verdict sheet, which asked the jury to consider the issues of negligence and proximate cause separately for each day in question, "was not compatible with the proof." Plaintiffs, however, did not object to the verdict sheet on that ground, and thus that contention is not preserved for our review (see, CPLR 5501 [a] [3]). Nor is plaintiffs' further contention, that Supreme Court improperly relinquished its authority by giving defendants "veto power" over plaintiffs' proposed verdict sheet, preserved for our review (see, CPLR 5501 [a] [3]).

Contrary to the contention of plaintiffs, the court properly denied their request for a circumstantial evidence charge. Because plaintiffs' case did not rest solely upon circumstantial evidence, a circumstantial evidence charge was not required (see, Venditto v Doody, 181 AD2d 729, 730). Plaintiffs' other contention with respect to the jury charge is not preserved for our review (see, CPLR 4110-b).

Plaintiffs contend that they were entitled to further discovery after defendants' opening statements because, until then, defendants did not disclose in reasonable detail the subject matter of the anticipated testimony of a defense expert. That contention is not preserved for our review (see, CPLR 5501 [a] [3]). Plaintiffs further contend that the court erred in denying their motion to strike the testimony of that defense expert. We disagree. Plaintiffs did not seek to preclude that expert from testifying and failed to object to his testimony. Only after the close of proofs did they move to strike his testimony on the ground that it exceeded the scope of pretrial disclosure (see, CPLR 3101 [d] [1] [i]). We conclude that plaintiffs' motion was not timely and that plaintiffs failed to establish good cause for the delay, and thus the motion was properly denied (see,

*McClain v Lockport Mem. Hosp.,* 236 AD2d 864, 864-865, *lv denied* 89 NY2d 817; *see also, Sampson v New York City Hous. Auth.,* 256 AD2d 19, *lv denied* 93 NY2d 808; *Rubio v Reilly,* 44 AD2d 592, 592-593). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Negligence.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.