■ Susan M. Ruddock, Respondent, v Albert M. Happell, Appellant. [763 NYS2d 868] —Appeal from an order of Supreme Court, Chautauqua County (Gerace, J.), entered March 26, 2002, which, inter alia, granted plaintiff's motion seeking, inter alia, to set aside a verdict and for judgment notwithstanding the verdict on liability.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by denying those parts of the motion of plaintiff seeking to set aside the verdict, for judgment notwithstanding the verdict on liability, and for an order striking portions of the testimony of defendant's expert witness, by reinstating the verdict and by vacating the third ordering paragraph granting a trial on damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she allegedly sustained in an automobile accident. At the conclusion of her trial testimony, plaintiff moved to amend her bill of particulars to include a fracture to her left wrist as a qualifying serious injury under Insurance Law § 5102 (d), and Supreme Court granted her motion. The jury thereafter returned a verdict in favor of defendant, finding, inter alia, that plaintiff did not sustain a fracture. Plaintiff moved to set aside the verdict as against the weight of the evidence and for judgment notwithstanding the verdict on liability on the ground that the evidence established as a matter of law that she sustained a serious injury, namely a fracture, as a result of the accident. Plaintiff also sought an order striking portions of the testimony of defendant's expert witness and reimbursement for expert witness fees incurred as a result of trial delay attributable to defendant. The court granted plaintiff's motion in its entirety and granted a trial on damages.

In order for a court to determine as a matter of law that a jury verdict is not supported by sufficient evidence, it is necessary to conclude first that there is simply no valid line of reasoning and permissible inferences that could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). A motion to set aside a jury verdict as against the weight of the evidence, however, should not be granted "unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga,* 191 AD2d 963, 964 [1993], citing *Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975 [1986], *lv denied* 68 NY2d 608 [1986]). That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury (*see Bolles v County of Cattaraugus,* 162 AD2d 975 [1990], *rearg granted* 166 AD2d 931 [1990]). The court must not " 'unnecessarily interfere with the fact-finding function of the jury to a degree that amounts

to an usurpation of the jury's duty' " (*Nicastro v Park*, 113 AD2d 129, 133 [1985], quoting *Ellis v Hoelzel*, 57 AD2d 968, 969 [1977]). Upon our review of the record, we conclude that the jury's finding that plaintiff did not sustain a fracture as that term is defined in Insurance Law § 5102 (d) is one that reasonably could have been rendered upon the conflicting evidence adduced at trial (*see McLoughlin v Hamburg Cent. School Dist.*, 227 AD2d 951 [1996], *lv denied* 88 NY2d 813 [1996]). There was conflicting testimony whether plaintiff sustained a fracture and the jury was free to reject the testimony of plaintiff's expert witness (*see Vasilatos v Chatterton*, 135 AD2d 1073, 1074 [1987]). Thus, we agree with defendant that the court erred in setting aside the verdict. A fortiori, the court erred in determining, as a matter of law, that plaintiff sustained a serious injury as a result of the accident (*see Reynolds v Burghezi*, 227 AD2d 941, 942 [1996]).

The court also erred in striking those portions of the testimony of defendant's expert witness concerning a November 1998 CT scan. The expert's testimony concerning that CT scan was " 'not so inconsistent with the information and opinions contained [in the expert witness disclosure], nor so misleading, as to warrant preclusion of the expert testimony or reversal' " (*Andaloro v Town of Ramapo*, 242 AD2d 354, 355 [1997], *lv denied* 91 NY2d 808 [1998], quoting *Hageman v Jacobson*, 202 AD2d 160, 161 [1994]). Finally, we conclude that the court did not abuse its discretion in granting that part of plaintiff's motion seeking reimbursement for plaintiff's expert witness fees (*see De Laurentis v Bercowitz*, 27 AD2d 869, 870 [1967]). We therefore modify the order by denying those parts of the motion of plaintiff seeking to set aside the verdict, for judgment notwithstanding the verdict on liability, and for an order striking portions of the testimony of defendant's expert witness, by reinstating the verdict and by vacating the third ordering paragraph granting a trial on damages. Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.