■ ANDREW J. PAWELEK et al., Appellants, v CLARE GLEASON, Respondent. [791 NYS2d 765]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 20, 2004. The order denied plaintiffs' motion to set aside a jury verdict in favor of defendant in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from an order denying their motion to set aside the jury verdict finding that Andrew J. Pawelek (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) when the vehicle he was driving was rear-ended by a vehicle driven by defendant. A different supreme court justice previously had granted plaintiffs' motion for partial summary judgment on the issue of defendant's negligence. At the time of the accident at issue herein, plaintiff was recovering from major spinal surgery made necessary by a serious injury he had sustained two years earlier while serving as a volunteer firefighter.

The sole contention of plaintiffs on appeal is that they are entitled to a new trial in the interest of justice pursuant to CPLR 4404 (a) because Supreme Court erred in instructing the jury to disregard the opinion testimony of a physical therapist in attendance during the independent medical examination of plaintiff conducted by a neurologist. Defendant's attorney did not request that limiting instruction, and thus we agree with plaintiffs that the court should have advised their attorney that it intended to give that instruction to the jury (*see generally* CPLR 4110-b). Nevertheless, this Court may grant a new trial in the interest of justice only "when the error is so fundamental that it precludes consideration of the central issue upon which the action is founded" (*Breitung v Canzano,* 238 AD2d 901, 902 [1997]). That cannot be said here, and thus we affirm. The error of the court in failing to advise plaintiffs' attorney that it intended to give the limiting instruction did not preclude the "proper resolution of the central issue in th[is] case" (*id.*), i.e., whether plaintiff sustained a serious injury as a result of the collision with defendant's vehicle, particularly in view of the conflicting evidence before the jury on that issue (*see generally McLoughlin v Hamburg Cent. School Dist.,* 227 AD2d 951 [1996], *lv denied* 88 NY2d 813 [1996]; *Petrovski v Fornes,* 125 AD2d 972 [1986], *lv denied* 69 NY2d 608 [1987]). Present— Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.