■ RICHARD BROWN et al., Appellants, v CONCORD NURSERIES, INC., Respondent. (Appeal No. 1.) [859 NYS2d 876]—Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered June 13, 2007 in a personal injury action. The order denied the motion of plaintiffs to set aside a jury verdict and for a verdict in their favor or, in the alternative, a new trial.

Appeal from a judgment of the Supreme Court, Erie County (Timothy J. Drury, J.), entered June 15, 2007 in a personal injury action. The judgment, among other things, dismissed the complaint.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Richard Brown (plaintiff) when he fell from an extension ladder while repairing an overhead garage door on property owned by defendant. On a prior appeal, we affirmed the order denying that part of defendant's motion for summary judgment dismissing the Labor Law § 240 (1) claim (Brown v Concord Nurseries, Inc., 37 AD3d 1076 [2007]). At trial, plaintiffs' theory of liability with respect to the Labor Law § 240 (1) claim was not that the ladder was defective or improperly placed but, rather, plaintiffs asserted that the ladder was an improper device for the work being performed by plaintiff and that he instead should have been provided with a manlift or scaffold. The jury returned a verdict in favor of defendant.

Contrary to the contention of plaintiffs, Supreme Court properly denied their motion for a directed verdict on the issue of liability under Labor Law § 240 (1) at the close of proof. "In order to direct a verdict in favor of the plaintiff[s], the court

must view the evidence in the light most favorable to the defendant[ ] and conclude 'there is no rational process by which the fact trier could base a finding in favor of the [defendant]' " (*Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). Here, defendant's safety expert testified that the extension ladder used by plaintiff was appropriate for the repair that he was performing, and we thus conclude that there was a rational process by which the jury could find that defendant provided plaintiff with a proper safety device (*see generally Pecora*, 28 AD3d at 1137).

We reject the further contention of plaintiffs that the court erred in denying their post-trial motion to set aside the verdict and for a "directed verdict" or, in the alternative, a new trial. As noted, plaintiffs were not entitled to a directed verdict, and we further conclude that the verdict was not against the weight of the evidence and thus that plaintiffs were not entitled to a new trial. It cannot be said that " 'the preponderance of the evidence in favor of [plaintiffs was] so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Ruddock v Happell*, 307 AD2d 719, 720 [2003], quoting *Dannick v County of Onondaga*, 191 AD2d 963, 964 [1993]).

Plaintiffs' further contention concerning the jury charge is not preserved for our review (*see Fitzpatrick & Weller, Inc. v Miller*, 21 AD3d 1374, 1375 [2005]; *see also Cavallaro v Somaskanda* [appeal No. 2], 280 AD2d 1002, 1003 [2001]), and there was no "fundamental error" in the charge that would warrant reversal in the absence of preservation (*Schmidt v Buffalo Gen. Hosp.*, 278 AD2d 827, 828 [2000], *lv denied* 96 NY2d 710 [2001]; *cf. Breitung v Canzano*, 238 AD2d 901, 902 [1997]). We reject plaintiffs' contention that the court abused its discretion in qualifying one of defendant's witnesses as a safety expert. That witness possessed the requisite knowledge of safety skills through study, experience, and observation (*see Price v New York City Hous. Auth.*, 92 NY2d 553, 559 [1998]; *Moody v Sorokina*, 40 AD3d 14, 20 [2007], *appeal dismissed* 8 NY3d 978, *reconsideration denied* 9 NY3d 887 [2007], *lv dismissed* 9 NY3d 986 [2007], *appeal dismissed* 10 NY3d 757 [2008]). We have considered plaintiffs' remaining challenges to the court's evidentiary rulings and conclude that they are without merit. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.