RUBEN PARR et al., Respondents, v ANDREW J. MONGARELLA, Appellant. [909 NYS2d 594]—

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered July 9, 2009 in a personal injury action. The order granted plaintiffs' motion to set aside the jury verdict and granted a new trial.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the verdict is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when the vehicle operated by Ruben Parr (plaintiff) and in which plaintiff Denise Parr was a passenger was struck by a vehicle operated by defendant. Following a trial, the jury returned a verdict finding that defendant was not negligent. Supreme Court erred in granting plaintiffs' motion to set aside the verdict and in ordering a new trial. "A motion to set aside a jury verdict as against the weight of the evidence . . . should not be granted 'unless the preponderance of the evidence in favor of the moving party is so great that the verdict could not have been reached upon any fair interpretation of the evidence' . . . That determination is addressed to the sound discretion of the . . . court, but if the verdict is one that reasonable persons could have rendered after

receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720 [2003]; *see McLoughlin v Hamburg Cent. School Dist.*, 227 AD2d 951 [1996], *lv denied* 88 NY2d 813 [1996]; *Greene v Frontier Cent. School Dist.*, 214 AD2d 947, 948 [1995]). "Where varying inferences from the evidence are possible, the issue of negligence is left to the jury" (*Harris v Armstrong*, 97 AD2d 947 [1983], *affd* 64 NY2d 700 [1984]).

Here, the court erred in substituting its judgment for that of the jury and thereby usurped the jury's duty (*see Pecora v Lawrence*, 41 AD3d 1212, 1213 [2007]; *Ruddock*, 307 AD2d at 720-721; *Durante v Frishling*, 81 AD2d 631 [1981], *appeals dismissed* 54 NY2d 833 [1981]). The jury credited the testimony of defendant and found that he was not following plaintiffs' vehicle too closely and thus that he was not negligent. The jury further found that the actions of defendant in driving on the shoulder of the road and losing control of his vehicle did not constitute negligence. According to defendant, when plaintiffs' vehicle slowed down while traveling in front of him in the same lane, he switched to the passing lane in order to pass the vehicle. When defendant was approximately even with the bumper of plaintiffs' vehicle, plaintiff drove into the passing lane, forcing defendant to drive onto the shoulder of the road. Defendant testified at trial that he believed that he could safely avoid a collision with plaintiffs' vehicle by driving onto the shoulder, but he lost control of his vehicle, and it spun around and struck plaintiffs' vehicle. After hearing the conflicting evidence concerning whether plaintiff entered defendant's lane of travel, a reasonable jury could accept defendant's version of the accident as true and find that defendant was not negligent in losing control of his vehicle because plaintiff's actions forced him to take the course of action that led him to do so. "[T]he divergent accounts [of the accident] raised a question of credibility to be resolved by the jury" (*Ahr v Karolewski*, 48 AD3d 719, 719 [2008]). The jury's finding that defendant was not negligent is one that could reasonably have been rendered upon the conflicting evidence presented by the parties at trial (*see McLoughlin*, 227 AD2d 951 [1996]), and it was not " 'palpably irrational or wrong' " (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080 [2004], *lv dismissed* 3 NY3d 702 [2004]). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.