# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1007**
**CA 11-00712**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

DARLENE TODD, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

PLSIII, LLC - WE CARE, LEON C. WASHINGTON,
DEFENDANTS-APPELLANTS,
AND OSCAR HASLEY, JR., DEFENDANT-RESPONDENT.
(ACTION NO. 1.)
-----------------------------------------------
OSCAR HASLEY, JR., PLAINTIFF-RESPONDENT,

V

PLSIII, LLC - WE CARE AND LEON C. WASHINGTON,
DEFENDANTS-APPELLANTS.
(ACTION NO. 2.)

---

CASCONE & KLUEPFEL, LLP, BUFFALO (MICHAEL T. REAGAN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

CANTOR, LUKASIK, DOLCE & PANEPINTO, BUFFALO (JAMES A. VERRICO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT DARLENE TODD.

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), FOR
PLAINTIFF-RESPONDENT OSCAR HASLEY, JR.

HAGELIN KENT LLC, BUFFALO (VICTOR M. WRIGHT OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered December 30, 2010 in a personal injury
action. The order granted the motion of plaintiff Darlene Todd to set
aside the jury verdict on the issue of liability with respect to
defendants PLSIII, LLC - We Care and Leon C. Washington and granted a
new trial on that issue.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the post-trial motion
is denied and the verdict with respect to defendants PLSIII, LLC - We
Care and Leon C. Washington is reinstated.

Memorandum: Darlene Todd, the plaintiff in action No. 1, was a
passenger in a motor vehicle driven by Oscar Hasley, Jr., a defendant
in action No. 1 and the plaintiff in action No. 2. The vehicle driven

by Hasley was involved in an accident with a vehicle owned by PLSIII, LLC - We Care (hereafter, PLSIII), a defendant in each action, and driven by another defendant in each action, Leon C. Washington. Todd, her daughter and Hasley testified at the trial on liability in both actions that, as Hasley's vehicle traveled on N. Humbolt Parkway in the City of Buffalo and approached the intersection with Main Street, the light was green. Washington testified that the light was red as he traveled on Main Street toward that intersection but that the light turned green before he reached the intersection. He therefore proceeded through the intersection, and his vehicle struck the driver's side of the vehicle driven by Hasley. The jury determined that, inter alia, Washington was negligent but that his negligence was not a proximate cause of the accident. Supreme Court granted Todd's post-trial motion seeking to set aside those parts of the verdict with respect to PLSIII and Washington (collectively, defendants) as inconsistent and against the weight of the evidence. Hasley joined in plaintiff's motion with respect to his action against defendants. Although the court's determination to set aside a verdict is " 'accorded great respect' " (*American Linen Supply Co. v M.W.S. Enters.*, 6 AD3d 1079, 1080, *lv dismissed* 3 NY3d 702), we nevertheless conclude that, here, " 'the verdict [with respect to defendants] is one that reasonable persons could have rendered after receiving conflicting evidence, [and thus] the court should not [have] substitute[d] its judgment for that of the jury' " (*Parr v Mongarella*, 77 AD3d 1429, 1430-1431).

"The well-established standard for determining . . . a motion [to set aside the verdict as against the weight of the evidence] is whether the evidence so preponderated in favor of the movant that the verdict could not have been reached on any fair interpretation of the evidence" (*Skowronski v Mordino*, 4 AD3d 782, 782-783; *see Grassi v Ulrich*, 87 NY2d 954, 956). Here, the court implicitly determined that the issues of negligence and proximate cause "are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Skowronski*, 4 AD3d at 783 [internal quotation marks omitted]). That was error. In support of Todd's motion to set aside the verdict, Todd and Hasley relied primarily on stipulated evidence consisting of a chart depicting the sequence of the traffic signals at the two intersections through which Washington traveled before colliding with Hasley's vehicle. Todd and Hasley contended that, based on that evidence, the light at the intersection where the accident occurred would have been red when Washington approached it and thus that his negligence was a proximate cause of the accident. We conclude, however, that such evidence does not render the verdict "inconsistent or illogical" inasmuch as it is not conclusive with respect to whether the light was red or green when Washington entered the intersection in question (*id.* [internal quotation marks omitted]). Rather, the jury's determination that Washington was negligent but that his negligence was not a proximate cause of the accident "is one that could reasonably have been rendered upon the conflicting evidence presented by the parties at trial" (*Parr*, 77 AD3d at 1430; *see Skowronski*, 4 AD3d at 783). Indeed, Washington testified that he observed Hasley's vehicle traveling at a fast rate of speed toward the intersection of Main Street but that he

did not check to ensure that Hasley had stopped before Washington entered the intersection.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court