# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**545**
**CA 11-01318**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

NORA OSMON, PLAINTIFF-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

ISKALO DEVELOPMENT CORPORATION, DEFENDANT,
AND H&M PLUMBING & MECHANICAL CONTRACTING, INC.,
DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, ALBANY (MATTHEW S. LERNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered September 23, 2010 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of plaintiff to set aside the jury verdict with respect to defendant H&M Plumbing & Mechanical Contracting, Inc.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the post-trial motion is denied in its entirety and the verdict with respect to defendant H&M Plumbing & Mechanical Contracting, Inc. is reinstated.

Memorandum: Defendant H&M Plumbing & Mechanical Contracting, Inc. (H&M) appeals from an order granting that part of plaintiff's post-trial motion to set aside a jury verdict in favor of H&M. We reverse the order insofar as appealed from, deny the post-trial motion in its entirety and reinstate the jury verdict with respect to H&M. Plaintiff commenced this action seeking damages for injuries she sustained when she tripped over a ladder at property owned by defendant Iskalo Development Corporation (Iskalo). Iskalo entered into a contract with H&M to perform plumbing work on the premises. It is undisputed that plaintiff tripped over a ladder owned by H&M, but the jury's conclusion that H&M was not negligent is supported by the record. Although the evidence established that the ladder was marked as belonging to H&M, it was unclear who placed the ladder in the hallway where plaintiff fell. The jury was entitled to determine that an employee of H&M did not place the ladder in the hallway or that the ladder's brief and slight incursion into the hallway was not a dangerous condition. Thus, we conclude that the jury's determination is one that reasonably could have been rendered based on the evidence

presented at trial (*see Ruddock v Happell*, 307 AD2d 719, 720-721).

Entered:  April 20, 2012                    Frances E. Cafarell
                                            Clerk of the Court