# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**233**

**CA 15-00896**

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

DAVID MADDEX AND YVONNE MADDEX,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

E.E. AUSTIN & SON, INC., DEFENDANT-RESPONDENT.

---

COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (A. PETER SNODGRASS OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

GOLDBERG SEGALLA LLP, BUFFALO (KENNETH A. PATRICIA OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered March 18, 2015. The order denied the motion of plaintiffs for judgment pursuant to CPLR 4401 and for judgment pursuant to CPLR 4404 (a).

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this Labor Law § 240 (1) action, plaintiffs sought a directed verdict pursuant to CPLR 4401 at the close of proof, asserting that they were entitled to a determination as a matter of law that defendant violated section 240 (1) by failing to provide a proper safety device to David Maddex (plaintiff). Plaintiffs moved for the same relief pursuant to CPLR 4404 (a) following a jury verdict in defendant's favor and, in the alternative for an order directing a new trial on the ground that the verdict is against the weight of the evidence. We conclude that Supreme Court properly denied the motions.

Plaintiff was injured when he and two coworkers attempted to unload a gang box at the work site from a "cube van." Plaintiff remained in the bed of the van and held a handle of the gang box, acting as a counterweight, while the coworkers lowered the approximately 500-pound gang box toward the ground, approximately five feet below the bed of the van. The evidence established that the force of gravity caused the gang box to slide to the pavement below and flip over onto its top. Before plaintiff could release the handle, he was propelled out of the van, over the gang box, and onto the pavement approximately 10 to 15 feet from the van. Plaintiffs sought a directed verdict at the close of proof on the grounds that plaintiff was injured as a result of the application of the force of gravity and that defendant failed to provide any safety device as

required by section 240 (1).  Although we agree with plaintiffs that the accident falls within the purview of section 240 (1) as a gravity-related accident (*see Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603-604), we conclude that the court properly determined, viewing the evidence in the light most favorable to defendant, that there was a rational basis by which the jury could find in favor of defendant (*see Brown v Concord Nurseries, Inc.* [appeal No. 2], 53 AD3d 1067, 1067-1068).  Indeed, we note that the evidence introduced by plaintiffs at trial presented conflicting views as to the availability of a safety device and, under such circumstances, there was no basis for the court to grant plaintiffs a directed verdict pursuant to CPLR 4401.  Likewise, the court properly denied that part of plaintiffs' motion seeking judgment notwithstanding the verdict pursuant to CPLR 4404 (a).

We further conclude that the court properly denied that part of plaintiffs' motion alleging that the verdict is against the weight of the evidence.  It is well settled that "[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (*Sauter v Calabretta*, 103 AD3d 1220, 1220 [internal quotation marks omitted]), and that is not the case here.  Furthermore, a court should not substitute its judgment for that of the jury where, as here, the verdict is one that could have been rendered by reasonable people upon conflicting evidence, and great deference is accorded to the jury's credibility determinations (*see id.*).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court