■ Monica Harris et al., Appellants, v Evan Campbell, Respondent. (Appeal No. 3.) [65 NYS3d 616]—

Appeal from a judgment of the Supreme Court, Erie County (John A. Michalek, J.), entered November 20, 2015. The judgment dismissed the complaint upon a jury verdict in favor of defendant.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Monica Harris (plaintiff) when the vehicle that she was driving was rear-ended by a vehicle that was owned and operated by defendant. A jury subsequently returned a verdict in favor of defendant upon determining that plaintiff did not sustain a serious injury under any of the four categories in Insurance Law § 5102 (d) alleged by plaintiffs. Supreme Court thereafter denied plaintiffs' motion to set aside the verdict based on juror misconduct and as against the weight of the evidence. We affirm.

We address first plaintiffs' contentions concerning the court's allegedly erroneous rulings at trial that contributed to the jury's verdict that plaintiff did not sustain a serious injury. Contrary to plaintiffs' contention, the court properly limited the testimony of one of plaintiff's treating physicians. "CPLR 3101 (d) (1) applies only to experts retained to give opinion testimony at trial, and not to treating physicians, other medical providers, or other fact witnesses" (*Rook v 60 Key Ctr.*, 239 AD2d 926, 927 [4th Dept 1997]). " 'Where . . . a plaintiff's intended expert medical witness is a treating physician whose records and reports have been fully disclosed . . . , a failure to serve a CPLR 3101 (d) notice regarding that doctor does not warrant preclusion of that expert's testimony on causation, since the defendant has sufficient notice of the proposed testimony to negate any claim of surprise or prejudice' " (*Hamer v City of New York*, 106 AD3d 504, 509 [1st Dept 2013]). Here, one of plaintiff's treating physicians did not provide any expert disclosure, and during trial he indicated that, in addition to being a medical doctor, he received a Ph.D. in biomechanical engineering and he often relies on his engineering background

in his medical practice. Subsequently, that treating physician was asked some questions pertaining to biomechanics, and specifically was asked about the amount of force needed to cause a lumbar injury. We conclude that defendant's objections to that line of questioning were properly sustained inasmuch as defendant did not receive sufficient notice that the treating physician relied on his engineering background to support his opinions and conclusions about plaintiff's injuries (*see generally id.*). Indeed, plaintiffs made no attempt in response to defendant's objections to point to any medical records or other documentation that would establish that defendant had such notice.

Contrary to plaintiffs' further contention, even assuming, arguendo, that the court erred in admitting plaintiff's uncertified medical records in evidence, we conclude that the error is harmless inasmuch as those records were never published to the jury or provided to the jury during deliberations. Moreover, the records amount to only eight pages and include, inter alia, general references to pre-accident back pain, which was an issue addressed by both parties during trial (*see* CPLR 2002).

Plaintiffs contend that the court erred in admitting in evidence photographs of plaintiff's and defendant's vehicles. Plaintiffs' contention with respect to the photographs of defendant's vehicle is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [4th Dept 1994]). We reject plaintiffs' contention with respect to the photographs of plaintiff's vehicle inasmuch as it is well established that "[p]hotographs showing no damage to a plaintiff's vehicle are admissible to impeach a plaintiff's credibility on the issue whether the accident caused the alleged injuries" (*Tout v Zsiros*, 49 AD3d 1296, 1297 [4th Dept 2008], *lv denied* 10 NY3d 713 [2008]). Furthermore, "even when liability is not at issue, 'proof as to the happening of an accident is probative and admissible as it describes the force of an impact or other incident that would help in determining the nature or extent of injuries and thus relate to the question of damages'" (*Anderson v Dainack*, 39 AD3d 1065, 1066 [3d Dept 2007]). Here, we conclude that the court did not abuse its discretion in allowing the defense to use the photographs to impeach plaintiff's credibility with "evidence indicating that her vehicle sustained minimal physical damage, if any" (*Torres v Esaian*, 5 AD3d 670, 671 [2d Dept 2004]).

We reject plaintiffs' contention that the court erred in refusing to set aside the verdict on the ground of juror misconduct based upon an affidavit from plaintiffs' counsel that contained

hearsay statements made by the jury foreperson. " '[A]bsent exceptional circumstances, juror affidavits may not be used to attack a jury verdict' " (*Herbst v Marshall*, 89 AD3d 1403, 1404 [4th Dept 2011]), and neither may affidavits from counsel that simply recite the hearsay statements of a juror (*see id.*). Plaintiffs' contention that the statements of the foreperson fall under the excited utterance exception to the hearsay rule is raised for the first time on appeal and thus is not properly before us (*see Ciesinski*, 202 AD2d at 985). Furthermore, contrary to plaintiffs' contention, the trial record is "devoid of evidence indicating the existence of [substantial] juror confusion" (*Wylder v Viccari*, 138 AD2d 482, 484 [2d Dept 1988]; *see Young Mee Oh v Koon*, 140 AD3d 861, 862 [2d Dept 2016]; *Lopez v Kenmore-Tonawanda School Dist.*, 275 AD2d 894, 896 [4th Dept 2000]).

We also reject plaintiffs' contention that the court erred in failing to set aside the verdict as against the weight of the evidence. It is well established that " '[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (*Sauter v Calabretta*, 103 AD3d 1220, 1220 [4th Dept 2013]). "That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (*Ruddock v Happell*, 307 AD2d 719, 720 [4th Dept 2003]; *see Todd v PLSIII, LLC-We Care*, 87 AD3d 1376, 1377 [4th Dept 2011]). Here, even assuming, arguendo, that plaintiffs established a prima facie case of serious injury, we conclude that "the jury nevertheless was entitled to reject the opinions of plaintiff's physicians and expert witnesses" in determining that she did not sustain a serious injury (*Sanchez v Dawson*, 120 AD3d 933, 935 [4th Dept 2014]; *see McMillian v Burden*, 136 AD3d 1342, 1344 [4th Dept 2016]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.