Rozier v BTNH, Inc. (2018 NY Slip Op 07575)





Rozier v BTNH, Inc.


2018 NY Slip Op 07575


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


1069 CA 18-00264

[*1]GLASCO ROZIER, PLAINTIFF-APPELLANT,
v
BTNH, INC., DOING BUSINESS AS DELAWARE NURSING & REHABILITATION CENTER, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






JOY A. KENDRICK, BUFFALO, FOR PLAINTIFF-APPELLANT. 
UNDERBERG & KESSLER LLP, BUFFALO (COLIN D. RAMSEY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered May 2, 2017. The judgment awarded defendant costs upon a jury verdict of no cause of action. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he allegedly sustained when he slipped and fell on ice in defendant's parking lot. In appeal No. 1, plaintiff appeals from an order that, inter alia, denied that part of his pretrial motion seeking to preclude habit evidence. In appeal No. 2, plaintiff appeals from a judgment entered on the jury's verdict finding no negligence on the part of defendant. We note at the outset that the appeal from the order in appeal No. 1 must be dismissed inasmuch as the order in that appeal is subsumed in the judgment in appeal No. 2 (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]).
Contrary to plaintiff's contention, Supreme Court properly allowed defendant's maintenance staff to testify concerning their custom and habit with respect to snow and ice removal procedures.
" Proof of a deliberate repetitive practice by one in complete control of the circumstances' is admissible provided that the party presenting such proof demonstrates a sufficient number of instances of the conduct in question' " (Biesiada v Suresh, 309 AD2d 1245, 1245 [4th Dept 2003], quoting Halloran v Virginia Chems., 41 NY2d 386, 392 [1977]; see Mancuso v Koch [appeal No. 2], 74 AD3d 1736, 1738 [4th Dept 2010]). Here, the testimony of the maintenance staff concerning their daily routine in maintaining the subject parking lot was properly admitted as evidence of their conduct prior to the incident at issue.
We reject plaintiff's further contention that the court erred in denying his posttrial motion seeking, inter alia, to set aside the verdict as against the weight of the evidence. It is well established that " [a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence' " (Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013]). "That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (Ruddock v Happell, 307 AD2d 719, 720 [4th Dept 2003]). Here, based upon our review of the record, we conclude that the court properly refused to set aside the jury verdict as against the weight of the evidence (see generally Rew v Beilein [appeal No. 2], 151 AD3d 1735, [*2]1737-1738 [4th Dept 2017]).
In light of our determination, plaintiff's contentions regarding certain evidentiary rulings relating to proof of damages are moot (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). We have considered plaintiff's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court