McCulloch v New York Cent. Mut. Ins. Co. (2019 NY Slip Op 06254)





McCulloch v New York Cent. Mut. Ins. Co.


2019 NY Slip Op 06254


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., DEJOSEPH, NEMOYER, AND CURRAN, JJ.


434 CA 18-02253

[*1]ROBERTA MCCULLOCH, PLAINTIFF-APPELLANT,
v
NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT. (APPEAL NO. 3.) 






BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Frank Caruso, J.), entered October 22, 2018. The judgment dismissed the complaint and awarded defendant costs and disbursements. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking supplementary uninsured/underinsured motorist (SUM) benefits from defendant, her motor vehicle liability insurer, based on injuries that plaintiff allegedly sustained in a motor vehicle accident. The jury returned a verdict finding that the accident was not "a substantial factor in causing an injury to [plaintiff]." Thereafter, Supreme Court denied plaintiff's motion to set aside the verdict as against the weight of the evidence. Plaintiff appeals from a judgment entered after the jury's verdict, and we affirm.
We reject plaintiff's initial contention that the court erred in precluding her from calling as witnesses at trial any claims representatives employed by defendant or from entering into evidence any proof of insurance. It was undisputed at trial that plaintiff carried SUM coverage pursuant to a policy issued by defendant and that the SUM coverage was applicable to plaintiff's motor vehicle accident, and thus there was no need for plaintiff to offer further evidence establishing the existence of the policy. Similarly, there is no indication in plaintiff's pleadings or elsewhere in the record that she was alleging that defendant denied her claim for SUM benefits in bad faith (see e.g. Bi-Econ. Mkt., Inc. v Harleysville Ins. Co. of New York, 10 NY3d 187, 191-192 [2008]), and thus evidence that defendant conducted an internal investigation regarding plaintiff's claim was not relevant to the issues at trial. Indeed, it is understandable that defendant engaged in such an investigation inasmuch as, "[w]hen an insured injures someone in a motor vehicle accident, the injured party is subject to the serious injury requirement in the No-Fault Law and cannot sue for noneconomic loss unless the serious injury threshold is met (see Insurance Law § 5104 [a]). Since the purpose of supplementary coverage is to extend to the insured the same level of coverage provided to an injured third party under the policy, the insured must also meet the serious injury requirement before entitlement to supplementary benefits. If this were not the case, the insured would receive coverage more comprehensive than that available to a third party injured by the insured" (Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d 196, 205 [2007]). Here, we agree with defendant that its representatives were not witnesses to the accident, have no personal knowledge of the facts of the accident, and are not medical doctors qualified to testify regarding plaintiff's alleged injuries. Thus, defendant's internal investigation and evaluation of plaintiff's claim is therefore irrelevant to the issue whether plaintiff sustained a serious injury, which, along with the issue whether any such injury [*2]was causally related to the accident, were the primary issues before the jury (see generally 40 Rector Holdings, LLC v Travelers Indem. Co., 40 AD3d 482, 483 [1st Dept 2007]). We also agree with defendant that plaintiff did not need a representative from defendant to explain the relationship between the parties. Plaintiff's counsel could have requested a special instruction from the court or elicited detailed testimony from the plaintiff on that topic. Moreover, plaintiff's counsel did explain to the jury in his opening and closing statements the relationship between the parties.
Contrary to plaintiff's contention, the court properly rejected her request to charge the jury pursuant to PJI 2:282 regarding the aggravation of a preexisting injury inasmuch as " there was no factual basis for such a charge' " (Dennis v Massey, 134 AD3d 1532, 1533-1534 [4th Dept 2015]; cf. Mazurek v Home Depot U.S.A., 303 AD2d 960, 961 [4th Dept 2003]). We thus reject plaintiff's contention that a "rational jury could have found that [plaintiff] had asymptomatic pre-existing arthritis that was activated and precipitated by the injury" and that a charge pursuant to PJI 2:282 was therefore warranted. We note, however, that plaintiff's contention supports a charge under PJI 2:283 regarding increased susceptibility to injury, and that charge was given in this case (see Martin v Volvo Cars of N. Am., 241 AD2d 941, 943 [4th Dept 1997]).
We also reject plaintiff's contention that the court erred in failing to set aside the verdict as against the weight of the evidence. It is well established that "[a] verdict rendered in favor of a defendant may be successfully challenged as against the weight of the evidence only when the evidence so preponderated in favor of the plaintiff that it could not have been reached on any fair interpretation of the evidence" (Sauter v Calabretta, 103 AD3d 1220, 1220 [4th Dept 2013] [internal quotation marks omitted]). "That determination is addressed to the sound discretion of the trial court, but if the verdict is one that reasonable persons could have rendered after receiving conflicting evidence, the court should not substitute its judgment for that of the jury" (Ruddock v Happell, 307 AD2d 719, 720 [4th Dept 2003]; see Todd v PLSIII, LLC—We Care, 87 AD3d 1376, 1377 [4th Dept 2011]). "Where a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Schreiber v University of Rochester Med. Ctr., 88 AD3d 1262, 1263 [4th Dept 2011] [internal quotation marks omitted]). Here, there was sharply conflicting expert testimony with respect to whether plaintiff sustained an injury as a result of the accident, and the jury was entitled to credit the testimony of defendant's expert and reject the testimony of plaintiff's experts (see McMillian v Burden, 136 AD3d 1342, 1344 [4th Dept 2016]).
While we conclude under the circumstances of this case that the verdict is not against the weight of the evidence, we nonetheless note that the first question on the verdict sheet — i.e., "[w]as the accident . . . a substantial factor in causing an injury to [plaintiff]?" — invites the very problem we addressed in Brown v Ng (163 AD3d 1464, 1465 [4th Dept 2018]), where we noted that an interrogatory asking whether the plaintiff sustained an "injury" fails to address the appropriate legal issue, which is whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). The first question on the verdict sheet was unnecessary here inasmuch as the second and third questions asked the jury to determine whether plaintiff sustained a serious injury under the relevant categories that was causally related to the accident.
Finally, we reject plaintiff's contention that the court erred in denying her motion for a directed verdict on the issue of liability. Contrary to plaintiff's contention, defendant was not required to issue a disclaimer regarding the serious injury threshold (see generally Insurance Law § 3420 [f] [1], [2]; Raffellini, 9 NY3d at 205; Meegan v Progressive Ins. Co., 43 AD3d 182, 184-185 [4th Dept 2007]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court